Hon. Ronald Zweibel Chairman Crime Victims Board
Your counsel has asked whether the Crime Victims Board may compensate persons disabled because of a crime for renovations to their dwellings or vehicles to accommodate their handicapped condition.
The Crime Victims Board (Board) was created to offer financial assistance as a matter of legislative grace to eligible victims of crime (Executive Law, § 620). Crime victims, their surviving spouses, parents or children and other dependents may file a claim with the Board, as may persons who have paid the victim's burial expenses (id., § 624). The Board may make awards, none of which may exceed the claimant's out-of-pocket expenses, for loss of earnings or support, burial expenses, unreimbursed repair or replacement costs for certain personal property items, job retraining and psychological counseling (id., §§ 626, 631[2]; 9 NYCRR § 525.12[g][1]). The Board may also make an award for "indebtedness reasonably incurred for medical or other services necessary as a result of the injury" (id., § 621[2]). Although claims for loss of earnings or support are limited to a maximum of $20,000 per claimant, job retraining to a maximum of $3,000 per claimant, and burial expenses to a maximum of $1,500 per claimant, there is no limit on the amount that the Board may award to compensate the claimant for medical expenses incurred as a result of the crime (id., §§ 631[2], [3]; 9 NYCRR § 525.12[g][1]). No claim may be approved, however, unless the Board finds that without the award, the claimant would suffer financial difficulty (id., § 631[6][a]). In determining whether the claimant would suffer financial difficulty without an award, the Board must consider all relevant factors, including the claimant's net financial resources, which are determined after certain basic assets have been deducted (id., § 631[6][a][5]). If, as a result of the injury, the claimant receives payment from certain other sources, the amount of the award is to be reduced by the amount of the payment (id., § 631[4]).
Thus, there is no explicit authorization for the reimbursement of crime victims' costs for renovations to their dwellings or vehicles to accommodate their handicapped condition. However, in our opinion these costs may be reimbursed by the Board under its authority to make an award for "indebtedness reasonably incurred for medical or other services necessary as a result of the injury". In a 1975 Report of the Legislative Commission on Expenditure Review, the Commission concluded that this language authorizes payment for these renovations (Financial Aid to Crime Victims, Program Audit 9.1.75, October 31, 1975). As an example, the Report stated "if the crime results in victim paraplegia it may be necessary to widen hallways or remodel a lavatory at the claimant's residence to accommodate a wheelchair. Such expenses would be paid by CVCB" (the Board) (id., p 15). In preparing this Report, the Legislative Commission on Expenditure Review was fulfilling its statutory purpose
 "of determining whether any such department or agency has efficiently and effectively expended the funds appropriated by the Legislature for specific programs and whether such departments or agencies have failed to fulfill the legislative intent, purpose and authorization." (Id., Foreword to Report.)
The Crime Victims Board was given an opportunity to respond to the Commission's Report and did not object to the finding that such renovations were authorized.
Additionally, section 631(6)(a)(3) of the Executive Law requires the Board to consider any special health or rehabilitative needs of the claimant in determining his or her financial need for an award. Also, the Board has employed a Vocational Rehabilitation Specialist, who functions within the agency to obtain special services such as home care, medical equipment, and home renovations at the most competitive price (1981-1982 Annual Report, Crime Victims Board, p 37).
Further, section 631(2) of the Executive Law was amended in 1982 (ch 885) to authorize an award for purposes of retraining or similar employment-oriented rehabilitative services. The legislative purpose was to speed a victim's return to productive employment, which directly benefits the victim and serves to reduce the taxpayer's expense to compensate victims for lost earnings (see Bill Jacket, L 1982, ch 885). Similarly, reimbursements for home and vehicle renovations facilitate the victim's return to regular activity.
We believe that the Crime Victims Board may reimburse crime victims for home and vehicle renovations to accommodate their handicapped conditions. These payments are authorized as reimbursements for medical or other services necessary as a result of the crime related injury.